People v Garcia (2020 NY Slip Op 05864)





People v Garcia


2020 NY Slip Op 05864


Decided on October 20, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 20, 2020

Before: Acosta, P.J., Mazzarelli, Moulton, González, JJ. 


Ind No. 3248/14 3248/14 Appeal No. 12123 Case No. 2018-4100 

[*1]The People of the State of New York, Respondent,
v
Luis Garcia, Defendant-Appellant.


Christina A. Swarns, Office of the Appellate Defender, New York (Karena Rahall of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Malancha Chanda of counsel), for respondent.



Judgment, Supreme Court, New York County (Ruth Pickholz, J.), rendered
January 29, 2016, convicting defendant, after a jury trial, of attempted assault in the
first degree and assault in the second degree, and sentencing him to an aggregate term
of 3½ years, unanimously affirmed.
The verdict was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-49 [2007]). We find no basis for disturbing the jury's credibility determinations, including its resolution of any inconsistencies in the testimony. The credible evidence disproved defendant's justification defense.
The court providently exercised its discretion in admitting three recordings of 911 calls, because they were sufficiently contemporaneous to qualify for admission under the present sense impression exception (see People v Vasquez, 88 NY2d 561, 575 [1996]). The stabbing occurred immediately before the calls were placed, and the callers described parts of an unfolding chain of events, including the victim's struggle with defendant immediately after the stabbing, people intervening to take the knife away from defendant, and people holding defendant down (see id.; People v Richardson, 300 AD2d 13, 14 [1st Dept 2002], lv denied 99 NY2d 584 [2003]). Defendant's Confrontation Clause argument is unavailing because the statements were not testimonial, in that they were made for the purpose of summoning help for an ongoing emergency (see People v Rodriguez, 166 AD3d 459, 460 [1st Dept 2018], lv denied 32 NY3d 1209 [2019]). Finally, the three recordings were not unduly cumulative to each other and to other evidence (see People v Alvino, 71 NY2d 233, 245 [1987]). 
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 20, 2020